IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOCAL UNION NO. 226 INTERNATIIONAL )
BROTHERHOOD OF ELECTRICAL WORKERS )
OPEN END PENSION TRUST, a Trust Fund, )
 )
   and )
 )
SHAWN SMITH and BRIAN THREADGOLD, )
TRUSTEES OF THE LOCAL UNION NO. 226 )
INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS OPEN END )
PENSION TRUST, )
 )
                     Plaintiffs, )
 )   **No. 12-cv-02384 DJW**
   v. )
 )
WYRE, INC., )
a Kansas Corporation, )
 )
and )
 )
JAYHAWK POWER SYSTEMS, INC., )
a Kansas Corporation, )
 )
[SERVE:  James D. Montgomery )
             2617 Atchison Avenue )
             Lawrence, Kansas  66047] )
 )
                     Defendants. )

# FIRST AMENDED COMPLAINT

Come now Plaintiffs Local Union No. 226 International Brotherhood of Electrical Workers Open End Pension Trust, a Trust Fund, and Shawn Smith and Brian Threadgold, III, duly appointed and acting Trustees of the Local Union No. 226 International Brotherhood of Electrical Workers Open End Pension Trust who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Local Union No. 226 International Brotherhood of Electrical Workers Open End Pension Trust, and for their cause of action against Defendants, Wyre, Inc. and Jayhawk Power Systems, Inc., state:

{00190862;FMW11-174;PET }

**PARTIES**

1.     Plaintiff Local Union No. 226 International Brotherhood of Electrical Workers Open End Pension Trust, a Trust Fund (hereinafter referred to as "PENSION FUND") is a multiemployer pension plan within the meaning of ERISA, 29 U.S.C. §1002(37) and §1301(a)(3). Plaintiffs Shawn Smith and Brian Threadgold (hereinafter referred to as "Trustees") are duly appointed and acting Trustees of the Local Union No. 226 International Brotherhood of Electrical Workers Open End Pension Trust, a Trust Fund.  The Trustees are fiduciaries of the PENSION FUND, as that term is defined in ERISA, 29 U.S.C. §1002(21). The PENSION FUND's Board of Trustees collectively are the PENSION FUND's plan sponsor within the meaning of ERISA, 29 U.S.C. §1002(l6)(B)(iii) and §1301(a)(l0). The Trustees administer the PENSION FUND at its principal place of business in Topeka, Kansas.

2.     The PENSION FUND is primarily funded by contributions remitted by participating employers pursuant to negotiated collective bargaining agreements (herein referred to as "CBA's") with International Brotherhood of Electrical Workers Local Union No. 226, (hereinafter referred to as "Union") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the PENSION FUND and paying the PENSION FUND's administrative expenses.

3.     Pursuant to ERISA, 29 U.S.C. §1132(a)(3) and §1451(a)(1), the Trustees are authorized to bring civil actions on behalf of the PENSION FUND, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

4.     Defendant Wyre, Inc. (hereinafter referred to as "WYRE") is a Kansas corporation with its principal place of business in Lawrence, Douglas County, Kansas.

5.     Defendant Jayhawk Power Systems, Inc. (hereinafter referred to as "JAYHAWK") is a Kansas corporation with its principal place of business in Lawrence, Douglas County, Kansas.

## JURISDICTION AND VENUE

6. This is an action for declaratory, injunctive and monetary relief to recover delinquent withdrawal liability payments, interest and liquidated damages incurred by an employer as a result of a withdrawal from a multiemployer pension plan and to prevent future delinquencies to the multiemployer pension plan.

7. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendment Act of 1980, 29 U.S.C. §1001, et seq. (1982). This Court has jurisdiction under ERISA, 29 U.S.C. §1132(e), §1132(f) and 1451(c), 28 U.S.C. §2201 and §2202.

8. Venue lies in this Court pursuant to ERISA, 29 U.S.C. §1132(e)(2) and §1451(d) in that the Defendants do business and may be found and process served in Lawrence, Douglas County, Kansas.

## COUNT I:   Delinquent Withdrawal Liability v. Defendant WYRE

9. Defendant WYRE was at all relevant times engaged in an industry affecting commerce, as defined by Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a), and was an "employer" as defined by ERISA, 29 U.S.C. §1002(5).

10. On or about April 6, 2004, WYRE entered into a collective bargaining agreement (hereinafter referred to as "CBA") with the Union that required Defendant WYRE to contribute to the PENSION FUND on behalf of employees who performed work covered by the CBA.

11. At all relevant times, Defendant WYRE was the "employer" for purposes of the determination and assessment of withdrawal liability pursuant to Title IV of ERISA.

12. Defendant WYRE gave notice of termination of its collective bargaining agreement with the Union effective September 1, 2009.

13. As a result of Defendant WYRE's complete withdrawal from the PENSION FUND, Defendant WYRE incurred withdrawal liability in the amount of $371,833.00, as determined pursuant to ERISA, 29 U.S.C. §1381(b).

14. On **October 17, 2011**, Defendant WYRE was sent a notice and demand for payment of withdrawal liability issued by the Fund in accordance with 29 U.S.C. §1382(2), §1399(b)(1), and §1392(c)(2), by United States Mail. The notice advised Defendant WYRE that it was required to discharge its withdrawal liability in a lump sum payment of $371,833.00 or 36 quarterly payments of $13,612.00 each and one final quarterly payment of $8,980.00. Pursuant to ERISA, 29 U.S.C. §1399(c)(2), Defendant WYRE's first quarterly payment was due no later than 60 days after October 18, 2011, the date Defendant WYRE received said notice and demand for payment.

15. Defendant WYRE, by and through its attorney, requested review of the determination of withdrawal liability in accordance with 29 U.S.C. §1399(b)(2)(A)(i) on **December 15, 2011**. Pursuant to 29 U.S.C. §1399(b)(2)(B), the PENSION FUND Trustees made the review and Defendant WYRE was notified of the decision by letter dated **February 17, 2012**, which was received by Defendant WYRE on or about **February 20, 2012**, of the determination that the withdrawal liability assessment is correct and that there would be no change in the amount of the withdrawal liability calculation. By letter of **January 25, 2012**, the PENSION FUND made demand of payment of the withdrawal liability assessment in accordance with the schedule enclosed with the October 17, 2011 notice letter demanding payment of the lump sum amount of $371,833.00 or the first quarterly payment of $13,612.00 plus accrued interest of $44.85 for a total of $13,656.85, which was due December 20, 2011.

16. Defendant WYRE failed and has continued to fail to make the required withdrawal liability payment(s) demanded as set forth in paragraph 14 above.

17. Defendant WYRE failed to make the required withdrawal liability lump sum or quarterly payments to the PENSION FUND and failed to initiate timely arbitration under ERISA,

29 U.S.C. §1401, and the governing rules. Consequently, the amount demanded by the PENSION FUND is due and owing pursuant to ERISA, 29 U.S.C. §1401(b)(1).

18. Defendant WYRE waived any right it had to request arbitration of any of the matters concerning its withdrawal liability amount owed to the PENSION FUND.

WHEREFORE, the Fund demands judgment against Defendant WYRE as follows:

(a) Payment of the withdrawal liability lump sum payment as set forth in the PENSION FUND's demand for payment dated October 17, 2011, and served on the Defendant Wyre on or about October 18, 2011, in the amount of $371,833.00;

(b) Interest from Defendant WYRE, through present at the rate provided by 29 U.S.C. §1399(c)(6);

(c) An amount equal to the greater of (i) interest thereon or (ii) liquidated damages provided for under the plan, in accordance with 29 U.S.C. §1132(g)(2)(C);

(d) Plaintiffs' reasonable attorney fees and costs of this action in accordance with 29 U.S.C. §1132(g)(2)(D) and 1451(e);

(e) Such other and further legal or equitable relief as the Court deems appropriate.

### COUNT II:   Defendant JAYHAWK's Successor Liability for Defendant WYRE's Withdrawal Liability

19. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs 1 through 18 of the within First Amended Complaint as if fully set forth herein.

20. Defendant WYRE received notice of the PENSION FUND's claim on or about October 17, 2011.

21. Demand for payment of the withdrawal liability assessment from the Plaintiffs was received by WYRE October 18, 2011.

22. The Summons and Complaint in Case No. 12-CV-2384 JWL/DJW was served on Don Montgomery as registered agent of WYRE, Inc. on July 2, 2012

23. Defendant JAYHAWK was formed on or about May 16, 2012.

24. Defendant WYRE was administratively dissolved in September 2012.

25. Upon information and belief, Defendants operated under the following circumstances:

    a. Defendants' operations were closely interrelated in that Defendants shared the same electrician employees to perform work covered by the collective bargaining agreement referred to in Paragraph 10 to which Defendant WYRE is a party;

    b. Defendants' operations were closely interrelated in that Defendants operated using the same offices/facilities, tools, and equipment while servicing the same customers;

    c. Defendants operated under common management in that Defendant WYRE was operated by Don Montgomery and Defendant JAYHAWK is operated by James Montgomery, who are related family members;

    d. Defendants' labor operations were centralized with Don and James Montgomery so that Don and James Montgomery controlled Defendants' labor relations; and

    e. Defendants were commonly owned by Don and James Montgomery.

26. As a result, Defendants acted as a single integrated enterprise/single employer and Defendants are therefore liable, jointly and severally, for the amount owed to PENSION FUND as alleged in Paragraphs 14 and 15 above.

WHEREFORE, the Fund demands judgment against Defendants WYRE and JAYHAWK, jointly and severally, as follows:

(a) Payment of the withdrawal liability lump sum payment as set forth in the PENSION FUND's demand for payment dated October 17, 2011, and served on the Defendant WYRE on or about October 18, 2011, in the amount of $371,833.00;

(b) Interest from Defendants, jointly and severally, through present at the rate provided by 29 U.S.C. §1399(c)(6);

(c) An amount equal to the greater of (i) interest thereon or (ii) liquidated damages provided for under the plan, in accordance with 29 U.S.C. §1132(g)(2)(C);

(d) Plaintiffs' reasonable attorney fees and costs of this action in accordance with 29 U.S.C. §1132(g)(2)(D) and 1451(e);

(e) Such other and further legal or equitable relief as the Court deems appropriate.

### COUNT III:   Defendant JAYHAWK's Liability for Defendant WYRE's Withdrawal Liability Under 29 U.S.C. §1392(c)

27. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs 1 through 23 of the within First Amended Complaint as if fully set forth herein.

28. Defendant WYRE received notice of the PENSION FUND's claim on or about October 17, 2011.

29. Defendant JAYHAWK was formed on or about May 16, 2012.

30. Defendant WYRE was administratively dissolved in September 2012.

31. Upon information and belief, Defendants entered into a series of transactions with one another in which Defendant WYRE transferred substantially all of its assets to Defendant JAYHAWK.

32. Upon information and belief, a principal purpose of the transactions alleged in Paragraph 31 was to evade or avoid the payment of the withdrawal liability assessment as alleged in Paragraphs 14 and 15 above to be owed to PENSION FUND by Defendant WYRE.

33. As a result, pursuant to 29 U.S.C. §1392(c), Defendants are therefore liable, jointly and severally, for the amount owed to PENSION FUND as alleged in Paragraphs 14 and 15 above.

WHEREFORE, the Fund demands judgment against Defendants WYRE and JAYHAWK, jointly and severally, as follows:

(a) Payment of the withdrawal liability lump sum payment as set forth in the PENSION FUND's demand for payment dated October 17, 2011, and served on the Defendant WYRE on or about October 18, 2011, in the amount of $371,833.00;

(b) Interest from Defendants, jointly and severally, through present at the rate provided by 29 U.S.C. §1399(c)(6);

(c) An amount equal to the greater of (i) interest thereon or (ii) liquidated damages provided for under the plan, in accordance with 29 U.S.C. §1132(g)(2)(C);

(d) Plaintiffs' reasonable attorney fees and costs of this action in accordance with 29 U.S.C. §1132(g)(2)(D) and 1451(e);

(e) Such other and further legal or equitable relief as the Court deems appropriate.

**COUNT IV:  Successor Liability for Defendant JAYHAWK**

34. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs 1 through 31 of the within First Amended Complaint as if fully set forth herein.

35. Upon information and belief, there was continuity between the operations of Defendants WYRE and JAYHAWK in one or of the following ways:

a. Defendants shared the same electrician employees to perform work covered by the collective bargaining agreement referred to in Paragraph 10 to which Defendant WYRE is a party;

b. Defendants operated using the same offices/facilities, tools, and equipment while servicing the same customers;

c. Defendant WYRE was operated by Don Montgomery and Defendant JAYHAWK is operated by James Montgomery, who are related family members;

d. Defendants' labor operations were centralized with Don and James Montgomery so that Don and James Montgomery controlled Defendants' labor relations; and

e. Defendants were commonly owned by Don and James Montgomery.

36. Upon information and belief, Defendant JAYHAWK acquired substantial assets from Defendant WYRE and continued Defendant WYRE's business operations without interruption.

37. Upon information and belief, Defendants engaged in the conduct alleged in Paragraphs 35 and 36 after Defendant WYRE received notice of the PENSION FUND's claim on or about October 17, 2011 and continued such operations with knowledge of the PENSION FUND's claim.

38. As a result, Defendant JAYHAWK is therefore liable, as the successor entity of WYRE for the amount owed to PENSION FUND as alleged in Paragraphs 14 and 15 above.

WHEREFORE, the Fund demands judgment against Defendant JAYHAWK, as follows:

(a) Payment of the withdrawal liability lump sum payment as set forth in the PENSION FUND's demand for payment dated October 17, 2011, and served on the Defendant WYRE on or about October 18, 2011, in the amount of $371,833.00;

(b) Interest from Defendant JAYHAWK, through present at the rate provided by 29 U.S.C. §1399(c)(6);

(c) An amount equal to the greater of (i) interest thereon or (ii) liquidated damages provided for under the plan, in accordance with 29 U.S.C. §1132(g)(2)(C);

(d) Plaintiffs' reasonable attorney fees and costs of this action in accordance with 29 U.S.C. §1132(g)(2)(D) and 1451(e);

(e) Such other and further legal or equitable relief as the Court deems appropriate.

## DESIGNATION OF TRIAL

Plaintiffs hereby designate the place of trial as the United States District Court for the District of Kansas in Topeka, Kansas.

Respectfully submitted,

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

_/s/Michael G. Newbold_
Michael G. Newbold, KS Bar No. 70043

_/s/Paul E. Torlina_
Paul E. Torlina, KS Bar No. 21464
1125 Grand Blvd., Suite 1600
Kansas City, Missouri 64106
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

      I hereby certify that on the **25th** day of **February, 2013**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Timothy D. Resner (via e-mail: tresner@fuflaw.com), FRIEDEN UNREIN & FORBES, LLP, 555 South Kansas Avenue, Suite 303, Topeka, Kansas 66603, *Attorneys for Defendant Wyre, Inc.*

                                                    */s/Michael G. Newbold*
                                                    Michael G. Newbold